Robert Calvin KNAPP, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19388.

United States Court of Appeals Fifth Circuit.

April 29, 1963.

Robert Calvin Knapp, William L. Garwood, Austin, Tex., for appellant.

Scott T. Cook, Asst. U. S. Atty., William L. Bowers, Jr., Asst. U. S. Atty., Houston, Tex., Woodrow Seals, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

PER CURIAM.

Aggrieved by the affirming opinion of this court, appellant's counsel, by motion for rehearing, complains, as a miscon-

ception of the evidence, of the statement in the opinion that "there was evidence that defendant and Howard had a joint bank account in which the proceeds of the narcotics sales were deposited". The opinion did not intend to say, it did not say, that any witness had used the term "joint" with reference to the account. All that was held in the opinion was that the evidence was sufficient to support a conclusion that the account was joint, and this is reaffirmed. Moreover the conclusion that the account was joint was not essential to the affirmance. Knapp admitted that he and Howard were partners in the narcotics business and it was undisputed that the proceeds of one of the sales testified to were deposited by Howard in the bank account.

Another matter, of which the appellant seeks to make much, though no point was made on it in the trial court, is the statement in the charge of the court that witnesses were presumed to tell the truth. Saying of these instructions:

> "But the crowning blow, so to speak, was delivered by the trial court's manifestly erroneous instruction that witnesses were presumed to tell the truth (complained of in the eighth ground for rehearing and in error seven of appellant's original brief). In a case where all the witnesses are prosecution witnesses, this amounted to a directed verdict of guilty. Appellant submits that a directed verdict of guilty is substantially prejudicial on its face and constitutes 'plain error' almost by definition."

the appellant insists that, though not objected to as required by Rule 30, the instructions were so prejudicial as to constitute reversible error, reversible under Rule 52(b) as plain error.

The instructions complained of were taken bodily by the court from "Some suggested general instructions for federal criminal cases", 27 F.R.D. at page 43 et seq., containing some seventy general jury instructions. The particular instructions appellant complains of were taken from, and are to be found in Sec.

2.01 "Presumption of Innocence—Burden of Proof—Reasonable Doubt", p. 48, Platitudinous generalities, general platitudes, these were not weighted in any way against appellant in this case. Indeed, when considered as a whole, they really gave the defendant the best of it, and certainly could not be considered as constituting plain error under Rule 52 (b). This is not to say that we approve of the use in a charge of such platitudinous generalities, indeed we think it better for the court's charge to eschew and avoid them in favor of precise and specific instructions on the very issues presented by the particular case. It is to say, though, that the use of these glittering generalities in this case was not error at all, much less plain error.

The motion for rehearing is
Denied.

JOHN R. BROWN, Circuit Judge (concurring specially).

Sharing the criticisms made by the Court of the form jury instructions under attack, my only difference is that the criticisms do not go far enough. These charges are not only deficient from a structural standpoint, I think they are positively wrong.

The trial Court here had first charged that:

> "A witness is *presumed* to speak the truth, but this *presumption* may be outweighed by the manner in which the witness testified, by character of the testimony given, or by contradictory evidence."
>
> " \* \* \* If you find the *presumption* of truthfulness to be outweighed as to any witness, you will give the testimony of that witness such credibility, if any, as you may think it deserves."

The italicized words *presumed* or *presumption* become of critical importance in view of this other instruction which bore directly upon the jury's function:

> "An inference is a deduction or conclusion which reason and common sense lead the jury to draw

from facts which have been proved. A *presumption* is an inference which the law *requires* the jury to make from particular facts in the absence of convincing evidence to the contrary. A *presumption* continues in effect until overcome or outweighed by evidence to the contrary, but unless so outweighed the jury is *bound* to find in accordance with the *presumption*. Unless and until outweighed by evidence to the contrary, the law *presumes* * * * that a witness speaks the truth * * *."

This, as the Court points out, is taken verbatim from § 2.04 of the Manual of Jury Instructions and Forms for Federal Criminal Cases by Judge Mathes of California, 27 F.R.D. 39, 51, with a running blend of § 3.01.[1]

Considering the charge as a whole, which the law exacts of appellate courts and theoretically of juries, it lays down the proposition that as a matter of law, and not as a mere matter of inferences or impressions drawn, a witness speaks the truth unless there is "convincing evidence" to the contrary. It does this because the general instruction states that "a presumption is an inference which the law requires the jury to make from particular facts." The critical contrast is made even plainer since the general instruction undertook to distinguish between an "inference" and a "presumption." The jury was told in effect that an inference is a permissive deduction which the jury might draw. In contrast a "presumption" is a positive command of law.

Recasting the instructions on the credibility of a witness, the shorthand symbol "presumed" or "presumption" would make them read substantially as follows:

"The law requires that the jury conclude that a witness speaks the truth * * *."

This is more than mere confusion engendered by the loose, inarticulate use of the ambiguous word "presumption" or "presumed" which this Court pointed out in Barfield v. United States, 5 Cir., 1956, 229 F.2d 936 at 939–941. Here "presumption" becomes a mandate of law.

Of course once it becomes a mandate, it is positively wrong. This is so because the truth finding function of a jury in determining the credibility of a particular witness is not a matter which can be committed to a verbalized formula by a Judge or a number of Judges or a Court or a number of Courts. Nor is the matter saved by such weasel-phrases such as "in the absence of convincing evidence to the contrary," "until outweighed by evidence to the contrary," etc.

What is truth relates to facts, not legal principles. *Who* is telling the truth is not a legal question. *How* the truth is determined is not a legal matter. This is a thing committed to the common sense and good judgment of the jurors based on everyday experiences as human beings in an imperfect society. A moment's reflection will remind even Judges that in the quest for truth in their affairs off the bench, they believe, they disbelieve, they accept, or they reject the statements of their fellow men in countless situations most frequently by intuitive judgment or impression wholly incapable of an articulate elucidation. The genius of the jury system is to transport this common sense into the machinery of the law. If the law undertakes to prescribe categorically either *what* is truth, or *who* is truthful, or *how* one goes about ascertaining *who* or *what* is truthful, the verdict becomes something less than the reflection of this process of good common sense.

This form charge—as is so as to a number of others contained in the same

1. Section 3.01 (p. 67) on credibility:

"* * * A witness is presumed to speak the truth. But this presumption may be outweighed by the manner in which the witness testifies, by the character of the testimony given, or by contradictory evidence. * * * If you find the presumption of truthfulness to be outweighed as to any witness, you will give the testimony of that witness such credibility, if any, as you may think it deserves."

manual [2]—contains positive errors and should not be used. But I agree with the Court that there being no objection to any of these charges here, the error in the setting of this record was not of a kind constituting a plain and harmful error requiring reversal. Ahlstadt v. United States, 5 Cir., 1963, 315 F.2d 62.

2. See Huffman v. United States, 5 Cir., 1962, 297 F.2d 754, 759, n. 1 [dissenting opinion].