Erle E. PEACOCK, Jr.,
Plaintiff-Appellant,

v.

BOARD OF REGENTS OF the UNIVERSITIES AND STATE COLLEGE OF ARIZONA, Jack R. Williams, Weldon P. Shofstall, Paul L. Singer, Sidney S. Woods, Gordon D. Paris, James E. Dunseath, Margaret M. Christy, Kenneth G. Bentson, Ralph M. Bilby, and Rudy E. Campbell, each of the foregoing Individually and in his or her capacity as a member of the Board of Regents of the Universities and State College of Arizona, John Lentz and Norman Sharber, each Individually, John P. Schaefer, Individually and in his capacity as President of the University of Arizona, Merlin K. Du Val, Individually and in his capacity as Vice President for Health Sciences and Acting Dean of the College of Medicine, University of Arizona, and Douglas H. Lindsey, Individually and in his capacity as Acting Head of the Department of Surgery, College of Medicine, University of Arizona, Defendants-Appellees.

No. 76–3595.

United States Court of Appeals,
Ninth Circuit.

April 2, 1979.

William Lee McLane (argued), McLane & McLane, Phoenix, Ariz., for plaintiff-appellant.

William R. Jones, Jr., Sp. Asst. Atty. Gen. (argued), Phoenix, Ariz., for defendants-appellees.

■ **165**

Before TRASK and HUG, Circuit Judges, and BOHANON,* District Judge.

BOHANON, District Judge.

Appellant, Dr. Erle E. Peacock, Jr., a tenured professor of surgery at the University of Arizona College of Medicine and former surgery department head, filed a complaint in the United States District Court for the District of Arizona on February 22, 1974, alleging that his dismissal as department head and suspension as professor, without prior hearings, violated Fourteenth Amendment due process and First Amendment free speech rights, and constituted a breach of contract. The University's administrative procedures as applied to appellant during post-deprivation review proceedings were also attacked as being violative of due process.

Plaintiff appeals the correctness of the district court's decisions (1) vacating a jury verdict in plaintiff's favor and ordering a new trial on certain issues, (2) granting partial summary judgment to certain defendants, and (3) directing a verdict in favor of the remaining defendants. These orders are herein affirmed.

■ On October 7, 1974, following jury verdicts in plaintiff's favor totaling $470,-005.00, the district court ordered a new trial on grounds that the award was "excessive, unreasonable and unsupported by the record," and shocked the conscience of the court, and because of prejudicial references during trial to defendant's insurance coverage. Reversal of the court's ruling in favor of a new trial is inappropriate absent abuse of discretion as to each ground upon which the court based its determination; if any ground is reasonable, the decision must be upheld. *Hanson v. Shell Oil Company,* 541 F.2d 1352 at 1359 (9th Cir. 1976). The trial court may set aside a verdict rendered contrary to the clear weight of the evidence, or to prevent, in the trial judge's sound discretion, a miscarriage of justice. *Hanson v. Shell Oil Company, supra.* A new trial may also be granted where the trial court finds the awarded compensation to be excessive. *Hanson v. Shell Oil Company, supra.* We find no abuse of discretion in the district court's characterization of the jury's verdict, and thus we affirm the court's order granting a new trial. In so doing, we need not reach the admissibility of the controverted insurance references, although for retrial purposes such appear admissible on the punitive damages issue, as relating to defendants' possible wilfulness.

■ In reviewing the district court's summary judgments, we begin by recognizing appellant's constitutionally protected property interests in both his tenured professorship and departmental headship, as entitling him to due process. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Peacock v. Board of Regents,* 510 F.2d 1324 (9th Cir. 1975). Due process is flexible, however, and calls for such procedural protections as the particular situation demands. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Peacock v. Board of Regents, supra.* As to both the professorship and the headship, the district court correctly and accurately balanced the University's interest in the form of procedure afforded appellant, against appellant's interest in a more rigorous procedure. *Peacock v. Board of Regents, supra.*

■ Plaintiff suffered no adverse economic impact as a result of the disciplinary actions in controversy, as his salary remained unaffected, and his just interests in pre-deprivation hearings were relatively slight. Contrarily, the district court correctly recognized both the University's need to maintain cooperation and loyalty among surgical team members, as a prerequisite to safe and efficient operation of the medical school and University hospital, and appellant's undeniably divisive impact. The court's task is to focus not on mere imperfections in the University's disciplinary process but solely on constitutional infirmities we find none. The totality of circum-

---

* Honorable Luther Bohanon, Senior United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

stances reasonably establishes as a matter of law the constitutional adequacy of the post-deprivation review proceedings available to appellant, both as to his departmental headship and his tenured professorship. *See Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). Appellant's choice of largely eschewing such procedures makes them no less adequate. We also affirm the district court's decision upholding Faculty Manual application to the post-deprivation proceedings.

The district court directed verdicts on all issues in favor of members of the Board of Regents. We affirm as to all due process claims on the basis of the above discussion. We also affirm as to First Amendment issues. To establish liability and entitlement to damages in light of the regents' qualified immunity, plaintiff was required to prove that one or more board members acted with such impermissible motivation or disregard of appellant's clearly established constitutional rights as to have acted not in good faith. *See Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). This the appellant failed to do.

We affirm the district court's actions and remand this case for new trial in accordance with that court's orders.