**WESTMONT TRACTOR CO., a
Montana Corporation,
Plaintiff,**

v.

**TOUCHE ROSS & CO., Defendant.**

**No. CV 82–102–M–CCL.**

United States District Court,
D. Montana,
Missoula Division.

June 12, 1986.

Larsen, Kimball, Parr & Crockett by Stephen G. Crockett, Gregory D. Phillips and Carolyn McHugh, Salt Lake City, Utah, Worden, Thane & Haines, P.C. by Robert W. Minto, Jr., Missoula, Mont., for plaintiff.

Gibson, Dunn & Crutcher by John T. Behrendt and Kathryn Surace-Smith, New York City, Garlington, Lohn & Robinson by Sherman V. Lohn, Missoula, Mont., for defendant.

### OPINION AND ORDER

LOVELL, District Judge.

Following a jury verdict against defendant, plaintiff moves for entry of judgment on the verdict.

### BACKGROUND

Plaintiff (hereafter also Westmont) commenced this action in 1982, seeking damages allegedly caused by the failure of defendant to conduct a proper audit of plaintiff's business. The complaint alleged that defendant (hereafter also Touche Ross) was retained by plaintiff to perform an audit of plaintiff's balance sheet as of

May 31, 1979; that Touche Ross thereafter agreed to perform a similar audit as of December 31, 1979; and that Touche Ross further performed an audit of plaintiff's financial condition as of December 31, 1980. Defendant additionally provided related tax assistance throughout the years 1979 and 1980.

Plaintiff alleged that defendant negligently and in breach of contract failed to properly audit the financial condition of Westmont in 1979 and in 1980, resulting in a severe understatement of Westmont's allowance for doubtful accounts. In reliance on the accuracy of the overstated receivables, plaintiff allegedly made detrimental decisions regarding the continued operation of the business and suffered serious financial losses.

Trial commenced May 12, 1986, and continued for approximately two weeks. Prior to submission of the case to the jury, the Court granted motions to eliminate plaintiff's claims of constructive fraud and negligent misrepresentation. The Court also granted defendant's motion to dismiss the individual claims of Gary Gallagher, Westmont's president and principal shareholder. The remaining issues consisted of breach of contract and negligence, including contributory negligence on the part of plaintiff.

Following more than four hours of deliberation, the jury returned a verdict entirely in favor of plaintiff and against defendant.[1] A blanket award of damages was made in the amount of five million dollars. In an "extra display of diligence," [2] the jury included at the bottom of the verdict form several computations and some language relating to the manner in which the damage figure was calculated. This writing followed an asterisk, and another asterisk appeared immediately adjacent to the $5,000,000.00 figure. The Court instructed the jury that it was not necessary for them to include their calculations in the verdict and inquired of the foreperson whether he wished that portion included as a part of the verdict. The foreperson replied "no." The Court thereafter asked all the members of the jury if they wanted the computational portion removed. The jurors unanimously voted to remove it.[3] The Court cut off the bottom portion of the verdict containing the figures and requested the clerk to seal it. The verdict was then published.

To allow the parties an opportunity to express their positions as to the propriety of the above procedure, the Court scheduled a hearing and ordered briefs regarding the content of the verdict. Plaintiff moved for entry of judgment on the verdict and arguments were heard on June 9, 1986.

## ISSUES

1. Do the arithmetic figures and language volunteered by the jurors and contained at the bottom of the verdict form constitute part of the verdict?

2. Are counsel entitled to see the sealed portion of the verdict form to determine whether it has any impeachment value?

## DISCUSSION

The critical issue to be resolved is whether counsel must be allowed to view the

---

1. The special interrogatories on the verdict form were answered as follows:
 1. Did defendant Touche Ross breach its contract with plaintiff Westmont Tractor? Answer: Yes.
 2. Did defendant Touche Ross' breach of contract proximately cause any damage to Plaintiff Westmont Tractor? Answer: Yes.
 3. Was defendant Touche Ross negligent in its performance of the audit conducted on behalf of plaintiff Westmont Tractor? Answer: Yes.
 4. Was defendant Touche Ross' negligence the proximate cause of any damage to plaintiff Westmont Tractor? Answer: Yes.

5. Was plaintiff Westmont Tractor contributorily negligent? Answer: No. [Question 6, regarding proximate causation, was not answered.]
 7. What is the amount of plaintiff Westmont Tractor's damages? Answer: $5,000,000.00.

2. *Johnson v. SuperSave Markets, Inc.,* — Mont. —, 686 P.2d 209, 214 (1984).

3. The colloquy is attached as Appendix A to this opinion.

material sealed by court order. A preliminary question, however, is whether the Court erred in initially removing this portion of the verdict—that is, whether the calculations expressed on the form actually constitute an integral part of the verdict itself.

Defendant claims that because the subject figures were included right on the verdict form, and because they were "tied" to the damage figure with an asterisk, the calculations constitute an integral part of the jury's verdict.

Plaintiff claims that the content of the sealed matter comes within the ambit of the "no impeachment" rule and thus may not be disclosed to the parties. Plaintiff further claims that defendant's failure to object to the procedure at the time the verdict was read, before the jury was discharged, constitutes a waiver of any objection to the procedure followed by the Court.

Courts recognize that "gratis comments by a jury of the reasoning which led it to its general verdict are unnecessary to the jury's function of deciding the issues of the case,"[4] and that such comments do not constitute part of the written verdict.[5]

It is well settled that a jury does not have to give reasons for its verdict. *Barzelis v. Kulikowski,* 418 F.2d 869 (9th Cir. 1969). It is equally clear that once a verdict has been returned neither the Court nor the parties should inquire into the reasoning process or motivation behind the verdict. *Moores v. Navitrade A. A. of Panama,* 94 F.R.D. 340, 342 (D.Me.1982); *Roy v. Star Chopper Co., Inc.,* 584 F.2d 1124, 1136 (1st Cir.1978). This is true even when such information is volunteered by one or more members of the jury. *Domeracki v. Humble Oil & Refining Co.,* 443 F.2d 1245, 1247 (3rd Cir.1971); *Smith v. Cupp,* 457 F.2d 1098, 1100 (9th Cir.1972).

The Supreme Court of Montana has had occasion to consider an issue similar to that with which this Court is now presented. In *Johnson v. SuperSave Markets, Inc., supra.,* the jury answered the questions on the special verdict form and granted a blanket amount of $17,000.00 in damages. The jurors then voluntarily added a handwritten list enumerating five separate elements of damage accounting for the total figure. It was clear from the jurors' list that they had considered improper factors in making an award of damages. Absent the handwritten list, however, the verdict could not have been challenged. *Johnson,* 686 P.2d at 214.

Noting its reluctance to impeach the validity of a verdict by jurors' testimony and affidavits, the court stated that it is improper " 'to delve into the thought processes of the jurors in connection with the completion of the special interrogatories.' "[6] The court therefore held:

> Applying this legal principle to the present facts, we are not compelled to impeach a verdict with considerations of the jury which are voluntarily offered just as we uniformly refused to do so when the same information is elicited under oath through affidavits.

*Johnson,* 686 P.2d at 214. The court further held that the list would be treated as surplusage and the verdict accepted as valid. *Id. See also, Domeracki v. Humble Oil & Refining Co., supra.,* 443 F.2d at 1247.

There is another compelling reason why the volunteered notes of the jury should be considered as surplusage rather than as part of the verdict. As a general rule, a jury may not be questioned as to matters which "essentially inhere in the verdict itself." *Hyde v. United States,* 225 U.S. 347, 384, 32 S.Ct. 793, 808, 56 L.Ed. 1114 (1912). Such matters include "both 'the mental' process of any juror or of the jury

---

**4.** *Cleary v. Indiana Beach, Inc.,* 275 F.2d 543, 549 (7th Cir.1960).

**5.** *Hong Sai Chee v. Long Island R. Co.,* 328 F.2d 711 (2d Cir. (1964).

**6.** Citing *State Bank of Townsend v. Maryann's, Inc.,* —— Mont. ——, 664 P.2d 295 (1983).

in arriving at a verdict,' . . . and the method by which the verdict is reached." *Government of Virgin Islands v. Gereau*, 523 F.2d 140, 149 (3rd Cir.1975), *cert. denied*, 424 U.S. 917, 96 S.Ct. 1119, 47 L.Ed. 2323 [citations omitted].

It is widely recognized, in federal and state practice, that the method by which a jury determines the damage award may not be used to impeach the verdict, even if the jury misunderstood or misapplied the court's instructions. *State Bank of Townsend, supra.*, 664 P.2d at 299; *Capella v. Baumgartner*, 59 F.R.D. 312 (S.D.Fla. 1973); *Glaspell v. Northern Pac. Ry.*, 43 F. 900, 907 (C.C.N.D.1890) (jurors' affidavits to their method of reckoning damages excluded); *Ward v. Thompson*, 48 Iowa 588, 594 (1878) (jurors' affidavits as to their misunderstanding of the rule of damages excluded); *Boston & Worchester R.R. v. Dana*, 67 Mass. (1 Gray) 83 (1854) (jurors' affidavits not admitted to show that they had averaged damages); *State v. Beesskove*, 34 Mont. 41, 85 Pac. 376 (1906) (affidavits inadmissible to show misunderstanding of instructions); *Ostertag v. LaMont*, 9 Utah 2d 130, 339 P.2d 1022 (1959) (defendant not allowed to attempt to show by affidavits of jurors that damages were awarded on erroneous grounds).

> Long settled considerations of public policy dictate 'that mistake of the testimony, misapprehension of the law, error in computation, irregular or illegal methods of arriving at damages, unsound reasons or improper motives, misconduct during the trial or in the Jury Room, cannot be shown by the evidence of the jurors themselves, as the ground of disturbing the verdict, duly rendered.'

*Domeracki v. Humble Oil & Refining Co., supra.*, 443 F.2d at 1247.

The facts of *Domeracki* closely resemble the facts of the case *sub judice*. The jury in *Domeracki* returned its verdict, along with the exhibits, to the clerk. After the verdict was read and the jury discharged, the court noticed that two sheets of paper were included with the materials returned to the clerk. Contained on the papers were the jury's computations and other notes. The trial judge explained to counsel that these papers had inadvertently come to his attention, and noted that the jury may not have followed the court's instructions precisely. Despite counsel's request, the district court sealed the notes and refused to allow them to be circulated. On appeal the circuit court affirmed. Citing the "no impeachment" rule, the court held that the district judge properly concluded that the information to which he accidentally became privy was incompetent to provide a basis for a finding that the jury failed to adhere to the court's instructions. *Domeracki*, 443 F.2d at 1248.

Under limited circumstances, voluntary statements of the jury on the verdict form will not be treated as surplusage. For example, in *Cook v. United States*, 379 F.2d 966 (5th Cir. 1967), the defendant was convicted by a twelve-member jury, which included an asterisk after its finding of guilty on the verdict form. At the bottom of the page, following another asterisk, there was a note signed by the foreman requesting "every degree of leniency possible." *Id.*, at 968. Upon request of defense counsel, the jury was polled. Ten of the twelve jurors responded substantially in the following language: "Guilty, as noted at the bottom of the verdict." The district court denied counsel's request to further inquire of the jury whether their votes would be for conviction if they were advised they could not make the recommendation. The Fifth Circuit Court of Appeals held that this refusal constituted reversible error. *Id.*, at 970. While noting that requests for leniency are normally considered surplusage and do not invalidate the verdict, the court stated:

> Under the circumstances, we are left with serious doubt that the jury did not qualify its verdict of guilty by predicating and conditioning it on the request for "every degree of leniency possible." . . . *There is no verdict as long as there is any uncertainty or contingency to the finality of the jury's determination.*

*Cook*, 379 F.2d at 970 (emphasis added).

The verdict of five million dollars returned by the jury in this case was uncondi-

tional. The notations at the bottom of the verdict form were the component parts of the blanket award, not a qualification to the answer. The jurors' responses, when polled, did not indicate any reservation about the verdict as read. In fact, they unanimously authorized the Court to remove their calculations.[7]

 It is clear that the information included by the jury at the bottom of the verdict form is not available to impeach the verdict. As part of the jurors' thought processes, it is not a proper subject of inquiry. *Traver v. Meshriy*, 627 F.2d 934, 941 (9th Cir.1980). There is no reason to permit counsel to see the content of the sealed portion of the verdict, just as there is no reason to permit them to inquire of the individual jurors as to their methods of calculation.[8] *Johnson v. SuperSave Markets, Inc., supra.*, 686 P.2d at 214.

A "fishing expedition" for some impropriety in the deliberations has been expressly disapproved by this Court. *Hard v. Burlington Northern R.R.*, 618 F.Supp. 1463, 1467 (D.Mont.1985). *See also, United States v. D'Angelo*, 598 F.2d 1002, 1003 (5th Cir.1979).

Defendant also contends that the damages awarded exceed those demanded by plaintiff and therefore that the verdict should be set aside and judgment should not be entered. I am reluctant to fully consider this argument at this stage of the proceedings and believe it can be more appropriately considered in connection with post judgment motions.

THEREFORE, IT IS ORDERED:

1. Plaintiff's motion for entry of judgment on the verdict is GRANTED.

2. That portion of the jury's verdict which the Court sealed shall remain sealed pending further order of this Court.

3. The clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of five million dollars ($5,000,000.00). Pursuant to Rule 62(a), Fed.R.Civ.P., execution shall not issue on such judgment for at least ten (10) days after entry.

APPENDIX A

THE COURT: You are the foreperson of the jury, are you not?

THE FOREMAN: Yes, I am.

THE COURT: And has a verdict been reached?

THE FOREMAN: Yes, there has.

THE COURT: And in that verdict, have at least six of the members of the jury reached agreement?

THE FOREMAN: Yes, there has been.

THE COURT: Very well. Will you deliver the verdict to the Marshal, please. Mr. Hillstead, I notice on the verdict form a computation and some numbers, some language here relating to the manner in which the verdict was reached. That isn't necessary. I want to ask at this time, do you want that included as a part of your verdict?

THE FOREMAN: No, your Honor.

THE COURT: Let me ask each and all of you jurors, would you authorize me to remove this portion of the verdict which contains your computations? All in favor of doing that, will you raise your right hands, please. And what I'm going to do—Thank you. Let the record show that every juror has raised his or her right hand. I'm going to remove this, and I'll ask the Clerk to place it in a sealed envelope and hold it. And after removing this portion from the

---

7. The Court's question to the jurors as to whether they wished this portion removed was not in the nature of an inquiry into the amount of the damage award, *Chicago, Rock Island and Pacific R. Co. v. Speth*, 404 F.2d 291, 295 (8th Cir.1968), and was not an impermissible act of influence upon the jury as defendant has suggested.

8. While it is true that defendant did not object to the Court's procedure at the time the verdict was read, the Court deliberately allowed counsel an opportunity to present their objections at a later date in an effort to preserve the issue, and thus waiver will not be imposed. *See,* *Smith v. Ellerman Lines*, 247 F.2d 761, 765 (3rd Cir.1957).

verdict and placing it in the sealed envelope, the Court will accept your verdict.