Adam J. ZIMMERMAN, Petitioner–Appellant,

v.

Rosie GARCIA, et al., Respondents–Appellees.

No. 01–55750.
D.C. No. CV–99–02206–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.[*]
Decided Jan. 16, 2003.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM**

California state prisoner Adam J. Zimmerman appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his convictions for possession of forged driver's licenses in violation of Cal.Penal Code § 470b, unlawful use of a license, and unlawful alteration of a license, in violation of Cal. Veh.Code § 14610. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Patterson v. Gomez*, 223 F.3d 959, 962 (9th Cir.2000), *cert. denied sub nom., Terhune v. Patterson*, 531 U.S. 1104, 121 S.Ct. 844, 148 L.Ed.2d 723 (2001), and we affirm.

 Many of Zimmerman's claims arise from his contention that a juror's letter and an investigatory report revealed jury misconduct that violated his Fourteenth Amendment right to due process. We disagree. Zimmerman has failed to show that the jury was exposed to improper external prejudicial information. *See United States v. Old Chief*, 121 F.3d 448, 451 (9th Cir.1997) (holding that whether a trial court should hold an evidentiary hearing on jury misconduct is guided by the jury's exposure to improper external influence); Fed.R.Evid. 606(b) (prohibiting a juror from testifying on any matter occurring during the course of deliberations except in the case of extraneous prejudicial information); *Smith v. Cupp*, 457 F.2d 1098, 1100 (9th Cir.1972) (concluding that in the absence of a specific claim of jury misconduct, there is no constitutional right to interrogate jurors).

Because we conclude that Zimmerman has failed to demonstrate jury misconduct, we reject Zimmerman's contentions that the trial court failed to see that he re-

ceived a fundamentally fair trial and assist him in obtaining adequate representation and investigative fees. For the same reason, we reject Zimmerman's contentions that his appellate counsel was ineffective for failing to augment the appellate record, to argue jury misconduct, and to argue ineffective assistance of trial counsel. Similarly, we reject Zimmerman's contention that his trial counsel was ineffective for failing to argue jury misconduct.

■ Zimmerman further contends that his Sixth, Eighth, and Fourteenth Amendment rights were violated because the trial court failed to adequately inquire into a conflict of interest between Zimmerman and his attorney. Because we conclude that Zimmerman has failed to show that his attorney had an actual conflict of interest, this contention fails. *See Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (holding that a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance).

■ Apart from his jury misconduct claims, Zimmerman argues that his trial counsel was ineffective for failing to object to a trial exhibit. Zimmerman, however, has failed to show that there is a reasonable probability that the outcome would have been different if counsel had objected to the exhibit. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating that the defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different).

■ Finally, Zimmerman contends that the prosecutor failed to turn over the letter and investigative report to the trial court's clerk so that it would be available for appellate review, and denied him exculpatory evidence. We reject these contentions because, as the sentencing transcript shows, the prosecutor produced the documents for the court record and Zimmerman has failed to demonstrate that the prosecutor withheld material exculpatory evidence.[1]

**AFFIRMED.**

---

1. We decline to address Zimmerman's "Motion of Default" because it is beyond the scope of the certificate of appealability. *See* 28 U.S.C. § 2253(c).

Petitioner's request to amend writ of habeas corpus to include a claim pursuant to *Andrade v. Attorney Gen. of Cal.*, 270 F.3d 743 (9th Cir.2001), *cert. granted sub nom., Lockyer v. Andrade*, 535 U.S. 969, 122 S.Ct. 1434, 152 L.Ed.2d 379 (Apr. 1, 2002), is denied because the claim is raised for the first time on appeal. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001) (declining to consider an issue raised for the first time on appeal).