**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Raymond Edward STACEY, Defendant-Appellant.**

**No. 72-2937.**

United States Court of Appeals, Ninth Circuit.

Feb. 12, 1973.

Kevin J. McInerney, of McInerney, Milchen & Frank, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Stephen G. Nelson, Jeffrey F. Arbetman, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before HAMLEY and WALLACE, Circuit Judges, and REAL,* District Judge.

PER CURIAM:

Raymond Edward Stacey appeals from his conviction on counts one and two of a three-count indictment charging counterfeiting offenses in violation of 18 U.S.C. § 485. His only points on appeal are that the trial court abused its discretion in not granting him an opportunity to depose the jurors as to whether, at the time of their deliberations, they understood that specific intent to defraud was an essential element of the offenses charged in counts one and two, and in denying defendant's motion for a new trial based on jury misconduct and in the interest of justice.

In support of his request to depose the jury and his motion for a new trial, defendant filed a "declaration" in which his attorney alleged substantially as follows: Within twenty minutes after the verdict was returned, Stacey's counsel met with three of the jurors and was told that, had they known that intent to defraud was an element of the offense, they would have acquitted Stacey. The jurors stated that the reasons for their misunderstanding were: (1) the unanswered question, in the jury room, of one juror as to whether intent to defraud was not an element, and (2) a request, also in the jury room, by another juror

---

* The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation.

for a copy of the indictment so that she might learn whether intent to defraud was an element, and the response by another juror that a copy was unnecessary.

During the course of instructing the jury, the counts of the indictment, containing the element of specific intent to defraud, were read aloud and the court also expressly instructed the jury that one essential element of the offenses charged was intent to defraud.

 After a verdict is returned a juror will not be heard to impeach the verdict when his testimony concerns his misunderstanding of the court's instructions. Walker v. United States, 298 F.2d 217, 226 (9th Cir. 1962).[1] This rule does not violate a defendant's constitutional rights. See Stein v. New York, 346 U.S. 156, 178–179, 73 S.Ct. 1077, 97 L.Ed. 1522 (1953).

 Stacey's contention that this case is distinguishable from *Walker* and that the rule there applied should not be applied here is incorrect. It is true that some jurors had the knowledge which would enable them to testify, objectively, of incidents tending to indicate that other jurors may have misunderstood the court's instructions on the elements of the offense. However, the inquiry would still concern the mental processes by which the jurors reached their decision and would therefore be barred by the nonimpeachment rule. The reason for a rule barring a juror from testifying concerning his own mental processes—frankness and freedom of discussion in the jury room, *Stein, supra*, at 178, 73 S.Ct. 1077—applies with equal force to testimony by other jurors concerning objective manifestations of those

processes. *See* American Bar Association, Standards Relating to Trial by Jury, § 5.7(a) 164–173 (1968).

Affirmed.

1. Since the facts alleged in counsel's declaration do not demonstrate any jury misconduct, our decision in Smith v. Cupp. 457 F.2d 1098, 1100 (9th Cir. 1972) also requires this holding. *See also*, American Bar Association, Standards Relating to Trial by Jury, § 5.7(a) 164–173 (1968); 8 Wigmore, Evidence.§§ 2345-2346 (McNaughton Rev.1961). The same rule is stated, in effect, in Rule 606(b), Rules of Evidence for United States Courts and Magistrates, and the Advisory Committee Note thereon. These Rules of Evidence are not to become effective until July 1, 1973, but at least with respect to Rule 606(b), the rules purport to codify the existing federal law.