**Kelli Jo WILKERSON,**
**Plaintiff-Appellant,**

v.

**AMCO CORPORATION,**
**Defendant-Appellee.**

No. 82–1569
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 21, 1983.

Stroud & Smith, Bruce W. Claycombe, Cleve W. Powell, Dallas, Tex., for plaintiff-appellant.

Thompson & Knight, John A. Mackintosh, Jr., Louise Ellen Teitz, Dallas, Tex., for defendant-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A party whose civil cause had been rejected by the jury sought permission to interview the jurors. The district judge refused because there had been no showing that the jury's deliberations had been tainted by wrongdoing. Finding that the judge acted well within her discretion, we affirm.

Kelli Jo Wilkerson seriously injured her hand on a shelf manufactured by Amco Corporation. She sued Amco, alleging that the shelf was defective in design and manufacture. After two days of trial followed by a day of deliberations, the jury informed the judge that they were unlikely to agree on answers to the special interrogatories on which the case was submitted. The judge then gave an additional instruction urging the jurors to attempt to reach an agreement. Shortly thereafter, the jury returned a verdict for Amco.

Although Wilkerson did not object to the supplemental instruction at the time it was given, she filed a post-judgment motion for permission to interview the jurors,[1] which stated, "The jury was instructed by the court to reach a verdict. They then broke the deadlock. Plaintiff is obligated to ascertain whether or not the jury employed any improper method of breaking the deadlock." The district judge denied the motion, and Wilkerson brought this appeal.

"Historically, interrogations of jurors have not been favored by federal courts except when there is some *showing* of illegal or prejudicial intrusion into the jury process." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1309 (5th Cir.1977) (emphasis in original); *United States v. Riley*, 544 F.2d 237, 242 (5th Cir.1976), *cert. denied*, 430 U.S. 932, 97 S.Ct. 1554, 51 L.Ed.2d 777 (1977); *accord Martinez v. Food City, Inc.*, 658 F.2d 369, 373 n. 2 (5th Cir.1981) (dictum). We have required a showing of "specific instances of misconduct" before allowing the parties to conduct such an inquiry. *O'Rear*, 554 F.2d at 1309–10; *Riley*, 544 F.2d at 242.

In *O'Rear*, we reviewed the "very cogent reasons" for requiring parties to make a showing of likely misconduct before allowing such an inquiry: protecting the jury from post-verdict misconduct and the courts from time-consuming and futile proceedings; reducing the "chances and temptations" for tampering with the jury; and increasing the certainty of civil verdicts. 554 F.2d at 1310 n. 4. We continue to decline to "denigrate jury trials by afterwards ransacking the jurors in search of

---

[1]. The motion was entitled "Motion to Poll the Jury." In a letter written to the judge on October 5, 1982, however, Wilkerson's counsel explained that despite its title, "the Motion requests permission to contact jurors subsequent to the trial."

some ground ... for a new trial" unless a preliminary showing is made. 554 F.2d at 1310.[2]

Wilkerson failed to make any preliminary showing of misconduct. The motion sought simply to discover what happened in the jury's deliberations in the hope of uncovering a taint. This the district judge properly refused to sanction. If the district judge's supplemental instruction was erroneous, Wilkerson should have objected and challenged the instruction itself as error. Even if the instruction was erroneous, an issue we need not address, the error was in its being given. The jury cannot be faulted for having followed an instruction given it by the district court.

Indeed, under Fed.R.Evid. 606(b), the jurors would not be allowed to testify as to whether they followed the instruction or not.[3] In light of the fact that Wilkerson failed to make a preliminary showing of wrongdoing in the jury deliberations, and because any information the proposed inquiry might turn up would be inadmissible in a proceeding to set aside the jury's verdict, we think the district judge acted properly in denying Wilkerson's motion for permission to interview the jurors.

For these reasons, the judgment is AFFIRMED.

2. Cf. In re Express-News Corp., 695 F.2d 807, 810 (5th Cir.1982) (policy considerations different where press, not parties, seeks to interview jurors after trial).

3. Fed.R.Evid. 606(b) provides:
   Upon an inquiry into the validity of a verdict ... a juror may not testify as to any matter or statement occurring during the course of the jury's deliberation or to the effect of anything upon his or any other juror's mind

or emotions as influencing him to assent to or dissent from the verdict ... or concerning his mental processes in connection therewith, except a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror ...