**George Michael ECONOMOU, Plaintiff,**

v.

**Craig LITTLE, et al., Defendants.**

**No. C 91–20670 EAI.**

United States District Court,
N.D. California.

April 14, 1994.

Robert Tobin, San Jose, CA, for plaintiff.

John Simonson, John Slebir, Ropers, Majeski, Kohn Bentley, Wagner & Kane, Redwood City, CA, for defendants.

## ORDER DENYING DEFENDANTS' POST–TRIAL REQUEST FOR JURORS' ADDRESSES AND TELEPHONE NUMBERS

INFANTE, United States Magistrate Judge.

On April 8, 1994, defendants County of Santa Cruz and Craig Little submitted a request for an order releasing the names, addresses and telephone numbers of each of the eight jurors who deliberated and rendered a verdict in the above entitled action.

### I. BACKGROUND

This case came on for jury trial on March 11, 1994. The parties appeared by counsel and presented their cases.[1] Upon being instructed and following five hours and forty-seven minutes of deliberation, the jury reached a unanimous special verdict.

On the claim of excessive force in violation of the Fourth Amendment and the Civil Rights Act, 42 U.S.C. 1983, the jury found in favor of plaintiff and against defendant Craig Little.

On the claim of battery on plaintiff by the use of unreasonable or excessive force in arresting plaintiff, the jury found in favor of plaintiff and against defendant Craig Little. The jury awarded damages in the amount of $67,350, including $5,000 in punitive damages.

The jury found in favor of defendant James Hart and against plaintiff on both claims set forth above.

Upon publication of the special verdict, defense counsel requested that the jurors be individually polled, and the court granted the request. The deputy clerk individually polled the jurors, and each juror assented to the published verdict as "true and correct."

### II. ANALYSIS

Rule 606(b) of the Federal Rules of Evidence provides:

**(b) Inquiry into validity of verdict or indictment.** Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, *except* that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying

---

1. Pursuant to 28 U.S.C. § 636(c) and Rule 73, Fed.R.Civ.P., the parties have consented that the assigned magistrate judge may conduct all proceedings, including trial, and order the entry of final judgment in the above entitled action.

be received for these purposes. (Emphasis added.)

Thus, post-verdict jury interrogation may be appropriate to determine whether (1) extraneous prejudicial information was improperly brought to the jury's attention or (2) whether any outside influence was improperly brought to bear upon any juror.

The Notes of the Advisory Committee explain that Rule 606(b) was an attempt to reconcile two competing interests: on the one hand, the "freedom of deliberation, stability and finality of verdicts and protection of jurors against annoyance and embarrassment" and on the other hand, a party's right to a fair and impartial jury trial. These same policies reasons have been discussed in several cases. The Court of Appeals for the Second Circuit has stated:

> There is a judicial reluctance, for sound and easily understood reasons 'to inquire into the state of mind of any juror and into the conduct of the jurors during their deliberations.' *United States v. Dioguardi,* 492 F.2d 70, 79 (2nd Cir.1974). This is to avoid harassment of jurors, inhibition of deliberation in the jury room, a deluge of post-verdict applications mostly without real merit, and an increase in opportunities for jury tampering; it is also to prevent jury verdicts from being made more uncertain.

*King v. United States,* 576 F.2d 432, 438 (2nd Cir.1978), *cert. denied,* 439 U.S. 850, 99 S.Ct. 155, 58 L.Ed.2d 154 (1978). Similarly, the Fifth Circuit identified the important policy reasons as follows:

> protecting the jury from post-verdict misconduct and the courts from time-consuming and futile proceedings; reducing the 'chances and temptations' for tampering with the jury; and increasing the certainty of civil verdicts.

*Wilkerson v. Amco Corp.,* 703 F.2d 184, 185 (5th Cir.1983); *See also, United States v. Davila,* 704 F.2d 749 (5th Cir.1983). In *United States v. Gutman,* 725 F.2d 417, 422 (7th Cir.1984), the court stated,

The practice [of obtaining affidavits from jurors to impeach their verdict] is inherently intimidating, [Citation], and if it ever becomes widespread will make it even more difficult than it already is to get competent people to serve on juries.

Several courts have also commented that post-verdict juror interviews would "denigrate jury trials by afterwards ransacking the jurors in search of some ground ... for a new trial." *See e.g., In re Express–News Corporation and Cecil Clift,* 695 F.2d 807, 801 (5th Cir.1982), *quoting O'Rear v. Fruehauf Corp.,* 554 F.2d 1304 (5th Cir.1977). *See also, United States v. Kepreos,* 759 F.2d 961, 967 (1st Cir.1985) ("[U]nbridled interviewing of jurors" post-verdict could easily lead to "diminished confidence in jury verdicts, as well as to unbalanced trial results depending unduly on the relative resources of the parties.")[2].

The interests described above are, in some instances, outweighed by competing concerns to ensure the integrity of the justice system. "It is axiomatic that fundamental to the administration of justice is a fair and impartial jury." *U.S. v. Caro–Quintero,* 769 F.Supp. 1564 (C.D.Cal.1991), *quoting, United States v. Bagnariol,* 665 F.2d 877, 884 (9th Cir. 1981). "The introduction of outside influences into the deliberative process of the jury is inimical to our system of justice." *U.S. v. Caro–Quintero,* 769 F.Supp. at 1569, *citing Remmer v. United States,* 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954). "The jury should reach its decisions only upon the evidence produced at trial, subject to judicial control and the rules of evidence, and unaffected by extrinsic facts and influences." *U.S. v. Caro–Quintero,* 769 F.Supp. at 1569.

The Court of Appeals for the Ninth Circuit disfavors post-verdict interrogation of jurors, and allows such interrogation in limited circumstances. In *Smith v. Cupp,* 457 F.2d 1098 (9th Cir.1972), *cert. denied,* 409 U.S. 880, 93 S.Ct. 208, 34 L.Ed.2d 135 (1972), the petitioner claimed constitutional prejudice resulting from the trial court's refusal to allow interrogation of jurors for the purpose of

---

**2.** The policy reasons differ, however, where the press, not parties, seeks to interview jurors after

trial. *See e.g. In re Express–News Corp., supra.*

discovering possible, but unspecified, jury misconduct. The Ninth Circuit held:

> The contention lacks merit. In the federal court system, it has recently been stated that neither a trial court nor an appellate court has the authority to inquire into the jury's decisional processes, even when information pertaining to the deliberations is volunteered by one of the jurors. [Citation omitted.] Moreover, this court has held, in a federal case, that it is improper and unethical for lawyers to interview jurors to discover what was the course of deliberation of a trial jury. *Northern Pacific Railway Co. v. Mely*, 219 F.2d 199, 202 (9th Cir.1954).

*Smith v. Cupp*, 457 F.2d at 1100. The *Smith* court stated further, "there is no federal constitutional problem involved in the denial of a motion to interrogate jurors where, as here, there has been no specific claim of jury misconduct." *Id.*

In *United States v. Stacey*, 475 F.2d 1119 (9th Cir.1973), defendant's counsel met with three of the jurors within twenty minutes after the verdict was returned, and was allegedly told that the jury would have acquitted the defendant if it had known that intent to defraud was an element of the charged offense. Counsel requested leave to depose jurors regarding their understanding of the court's instructions. The *Stacey* court stated,

> After a verdict is returned a juror will not be heard to impeach the verdict when his testimony concerns his misunderstanding of the court's instructions. *Walker v. United States*, 298 F.2d 217, 226 (9th Cir. 1962). This rule does not violate a defendants's constitutional rights. [Citation.] ... "The reason for a rule barring a juror from testifying concerning his own mental processes—frankness and freedom of discussion in the jury room, [Citation]—applies with equal force to testimony by other jurors concerning objective manifestations of those processes."

The court further indicated in a footnote that its holding was required by *Smith v. Cupp, supra,* because the facts alleged by defendant's counsel did not demonstrate any jury misconduct.

In *Traver v. Meshriy*, 627 F.2d 934, 941 (9th Cir.1980), counsel for both sides interviewed individual jurors shortly after the jury announced its verdict. The defendants moved for judgment notwithstanding the verdict or a new trial, claiming that defense counsel was told that the jury verdict was not unanimous. The trial court refused the defendants' request to have the jurors recalled for a hearing on whether the verdict was unanimous, and the Ninth Circuit affirmed. The Ninth Circuit concluded that the trial court would have erred had it permitted inquiry into the jurors' deliberations and decision, by affidavits or otherwise, and stated:

> Because a verdict may not be impeached on the basis of the jury's internal deliberations or the manner in which it arrived at its verdict, the practice of counsel in propounding questions on these subjects to jurors after trial should be discouraged.
>
> Once a verdict has been delivered and accepted in open court, and the jury is polled and discharged, jurors may not claim that their assent was mistaken or unwilling. [Citation]. Attacks on jury unanimity such as the one attempted here are also inappropriate after the jurors have assented to the verdict in a poll in open court. *United States v. Weiner*, 578 F.2d 757 (9th Cir.), *cert. denied*, 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 651 (1978).

*Traver v. Meshriy*, 627 F.2d at 941. The *Traver* court also cited to Rule 606(b), and held that none of the defendants' allegations concerned extraneous prejudicial information or any outside influence that might have affected the deliberations.

Most federal courts deny requests to conduct post-verdict interviews of jurors unless there is a proper preliminary showing of likely jury misconduct or witness incompetency. *See e.g., U.S. v. Gravely*, 840 F.2d 1156, 1159 (4th Cir.1988) (request for leave to conduct post-verdict juror interviews properly denied because of "no threshold showing of improper outside influence"); *United States v. Davila*, 704 F.2d 749 (5th Cir.1983) (motion to interview jurors after their verdict was properly denied where there was no preliminary showing of misconduct, and the motion sought simply to discover what hap-

pened in the jury's deliberations in the hope of uncovering an impropriety); *United States v. Eagle,* 539 F.2d 1166, 1170–71 (8th Cir. 1976), *cert. denied,* 429 U.S. 1110, 97 S.Ct. 1146, 51 L.Ed.2d 563 (1977) (no general right to subpoena jurors after a verdict is rendered in the absence of "specific allegations that any of them engaged in overt improper acts").

The Ninth Circuit *requires* a post-verdict inquiry into juror deliberations only if the court learns of a possible incident of juror misconduct. *United States v. Bagnariol,* 665 F.2d 877, 884 (9th Cir.1981). In *U.S. v. Madrid,* 842 F.2d 1090, 1094 (9th Cir.1988), the court stated that a district court is required to hold a hearing upon finding a "reasonable possibility of prejudice."

 In the present case, defendants have essentially requested leave to interview jurors for the purpose of discovering possible grounds for a motion for new trial. *See* Decl. of John S. Simonson, p. 1. However, defendants have not demonstrated or alleged any basis for a motion for new trial based on juror misconduct. More specifically, defendants have not made any preliminary showing that (1) extraneous prejudicial information was improperly brought to the jury's attention or (2) that any outside influence was improperly brought to bear upon any juror. Accordingly, a post-verdict inquiry into jury deliberations is unwarranted.[3]

Defendants' Request for an order releasing the names, addresses, and telephone numbers of each of the eight jurors is DENIED.

IT IS SO ORDERED.

---

3. While juror interviews by counsel may be appropriate at the courthouse steps immediately after the jury renders a verdict and is excused, an intrusion into the privacy of the jurors' addresses and telephone numbers weeks after the conclusion of trial is inappropriate where there has been no preliminary showing of juror misconduct.