**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gary HALBERT, Defendant-Appellant.**

No. 81–1581.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1983.

Decided June 10, 1983.

Gerald F. Uelmen, Los Angeles, Cal., for defendant-appellant.

Suzanne B. Conlon, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, FLETCHER and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Gary Halbert was convicted by a jury of twenty-one counts of mail fraud, 18 U.S.C. § 1341. On appeal, he raises four major issues. We affirm.

## I

### Juror Misconduct

There is an allegation that a juror improperly considered extrinsic evidence of a newspaper article about Halbert's beach house.

■ We independently review the allegations of juror misconduct to determine whether a new trial is justified because there is "a reasonable possibility that the extrinsic material could have affected the verdict." *United States v. Bagnariol,* 665 F.2d 877, 887 n. 6 (9th Cir.1981), *cert. denied,* 456 U.S. 962, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982). In making this determination, we give substantial weight to the district court's conclusion about the effect of the juror misconduct. *Id.* at 885.

■ We conclude that the allegations of juror misconduct do not warrant a retrial because at the trial the jurors heard considerable evidence about the beach house and Halbert's life style. We agree with the district court that there is no reasonable possibility that the newspaper article affected the verdict.

■ Applying an abuse of discretion standard, *United States v. Hendrix,* 549 F.2d 1225, 1229 (9th Cir.), *cert. denied,* 434 U.S. 818, 98 S.Ct. 58, 54 L.Ed.2d 74 (1977), we find that the district court was correct in refusing to conduct an evidentiary hear-ing on the matter. Although it is usually preferable to hold such a hearing, in this instance, the court knew the exact scope and nature of the newspaper article and the extraneous information. *Cf. Bagnariol,* 665 F.2d at 885 ("The trial court, upon learning of a possible incident of juror misconduct, must hold an evidentiary hearing to determine the precise nature of the extraneous information.").

## II

### Psychiatric Testimony

Dr. Faerstein conducted a court-ordered psychiatric examination of Halbert. Halbert contends that Dr. Faerstein's testimony, which included statements made by Halbert during the course of examination, violated his fifth amendment right against self-incrimination and Federal Rule of Criminal Procedure 12.2(c).

Since Halbert did not object to Dr. Faerstein's testimony at time of trial, we must first determine whether the error is so plain as to justify review. If so, we must determine whether the error requires reversal. Fed.R.Crim.P. 52(b); *United States v. Lopez,* 575 F.2d 681, 685 (9th Cir.1978).

Halbert's argument focuses upon Federal Rule of Criminal Procedure 12.2, which provides in part:

No statement made by the accused in the course of any examination provided for by this rule, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused *on the issue of guilt* in any criminal proceeding.

Fed.R.Crim.P. 12.2(c) (emphasis supplied).

Halbert does not dispute the fact that the legislative history of the rule as well as the pertinent case law makes clear that his statements to Dr. Faerstein can be admitted on the issue of insanity. *See* H.Conf. Rep. No. 414, 94th Cong., 1st Sess. 10, *reprinted in* 1975 U.S.Code Cong. & Ad.News 713, 715; *United States v. Madrid,* 673 F.2d 1114, 1120 (10th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 96, 74 L.Ed.2d 88 (1982);

*United States v. Leonard,* 609 F.2d 1163, 1165–66 (5th Cir.1982). He argues, however, that because he raised the issue of diminished capacity, not an insanity defense, his statements to Dr. Faerstein were inadmissible because they bear on the issue of guilt (intent) and not on the issue of insanity. Furthermore, because his statements bear on the issue of guilt, admission of those statements violates his fifth amendment right against self-incrimination.

■ Halbert's argument elevates form over substance. Although diminished capacity technically may not be an insanity defense, *see United States v. Winn,* 577 F.2d 86, 89–90 (9th Cir.1978), there is no indication that the language in Rule 12.2 regarding statements "on the issue of guilt" was designed to cover statements relating to defendant's mental capacity. Issues relating to defendant's mental capacity necessarily overlap with "the issue of guilt." Because Congress intended to permit the admission of statements related to insanity, there is little doubt that it also intended to admit statements related to mental capacity in general.

■ In addition, Halbert's argument is contrary to the conceptual underpinnings of Rule 12.2: " '[W]hen the defendant has raised the issue of insanity and the psychiatrist is called to testify on this question, the defendant must not be allowed to muzzle him at his option.' " *Madrid,* 673 F.2d at 1120–21 (quoting *United States v. Julian,* 469 F.2d 371, 376 (10th Cir.1972)). This logic applies equally well to a situation in which the defendant raises the issue of "diminished capacity."

Admission of Halbert's statements to Dr. Faerstein was not plainly in violation of Rule 12.2. Similarly, it did not represent a clear violation of Halbert's fifth amendment rights. After raising the issue of mental capacity, Halbert cannot complain that Dr. Faerstein used his statements against him. *See Madrid,* 673 F.2d at 1121; *United States v. Whitlock,* 663 F.2d 1094, 1107 (D.C.Cir.1980); *cf. United States v. Malcolm,* 475 F.2d 420, 425 & n. 4 (9th

Cir.1973) (noting that courts have regularly concluded that there is no fifth amendment problem in this type of situation, although the reasoning has not always been clear).

Thus, the admission of parts of Dr. Faerstein's testimony was not plain error and is not reviewable.

## III

### Jury Instruction

■ The district court below instructed the jury as follows:

> The test for determining the materiality of the false statement, representation or promise is whether it is made to induce action or reliance by another. In other words, does it have a natural tendency to influence or is it capable of influencing another's decisions? The government is not required, however, to show actual reliance by anyone on these statements.

The district court's definition conforms in large part to our opinion in *United States v. Halbert (Halbert I):*

> A misrepresentation may be material without inducing any actual reliance. What is important is that the intent of the person making the statement that it be in furtherance of some fraudulent purpose.

640 F.2d at 1000, 1009 (9th Cir.1981). The jury was, therefore, properly instructed.

## IV

### Rebuttal Testimony

■ Halbert contends that Kay Petitte's testimony was offered to impeach his credibility on an extrinsic matter and thereby violated Federal Rule of Evidence 608(b). He argues that the error was highly prejudicial because his credibility goes to the crux of the case.

This argument is unpersuasive. The trial court's decision to admit rebuttal evidence is reviewed for an abuse of discretion. *See United States v. Batts,* 573 F.2d 599, 603 (9th Cir.), *cert. denied,* 439 U.S. 859, 99 S.Ct. 178, 58 L.Ed.2d 168 (1978). Under Rule 608(b) extrinsic evidence of specific instanc-

es of conduct is not admissible if offered solely for impeachment. *See United States v. Bosley,* 615 F.2d 1274, 1276 (9th Cir.1980). The trial court did not abuse its discretion because Petitte's testimony was not offered solely to impeach Halbert. It also was highly relevant to Halbert's defense of diminished capacity.

AFFIRMED.