8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glen CORNWELL, Petitioner-Appellant,
v.
Eddie YLST, Warden of California State Prison at Solano,
Respondent-Appellee.
 No. 92-15792.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1993.*
Decided Oct. 6, 1993.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and KELLEHER,* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner appeals the district court's denial of his petition for writ of habeas corpus. We affirm.
 
 FACTS AND PROCEEDINGS
 
 4
 Petitioner Glen Cornwell was charged with sixteen counts of robbery in an information filed in California state court on March 7, 1984. Trial before a jury began on December 3, 1984. After jury deliberations had begun, Grace Chang, secretary for Petitioner's counsel, received an anonymous phone call from someone claiming to be a neighbor of a juror named Katherine. The caller alleged that she had observed Katherine engaged in conversation with a third person familiar with Petitioner's background. The third person reportedly provided Katherine with information concerning Petitioner's past criminal conduct.
 
 
 5
 That same day, the trial court conducted an examination of Chang and a juror named Elda Katherine Carrick.[1] Carrick denied having had a conversation with anyone familiar with Petitioner's background. Noting that "there will be time enough after this case" for an investigation, the trial court allowed jury deliberations to resume.[2] On February 15, 1985, the jury returned a verdict of guilty on eight counts of robbery and not guilty on two counts. The jury was unable to reach a verdict on five counts.[3]
 
 
 6
 On April 9, 1985, Petitioner moved for an evidentiary hearing and a new trial on the basis of juror misconduct. In support of the motion Petitioner submitted the transcript of an interview with one juror and the declaration of an alternate juror. In opposition to the motion the state submitted the declarations of Carrick and the jury foreman. On May 7, 1985 the trial court denied Petitioner's motion for an evidentiary hearing and took Petitioner's motion for a new trial under submission. After affording Petitioner repeated opportunities to submit additional evidence, the trial court denied Petitioner's motion on June 6, 1985. The California Court of Appeal affirmed and the California Supreme Court denied review.
 
 
 7
 Petitioner then filed this petition. Magistrate Judge John F. Moulds conducted an evidentiary hearing at which Carrick and two other jurors testified. On November 27, 1990 the magistrate issued his findings and recommendations. He found, by a preponderance of the evidence, that extraneous information had in fact reached the jury. He therefore recommended granting the petition. On April 1, 1990, Judge Garcia adopted the magistrate's findings and recommendations in full. On April 5, 1991, the clerk entered judgment accordingly.
 
 
 8
 On May 1, 1991 Judge Garcia sua sponte granted a motion to reconsider his April 1 order. On May 6, 1991 Judge Garcia entered an order relieving Respondent from the operation of the judgment entered April 5. On August 23, 1991 Judge Garcia recused himself from the case.[4] The case was reassigned to Judge David F. Levi, who denied the petition on March 31, 1992. This Appeal followed.
 
 DISCUSSION
 
 9
 I. Effect of State Court's Determination that No Extra-Judicial Information Had Reached the Jury
 
 
 10
 Petitioner would be entitled to a new trial if, as he maintains, Juror Carrick received extrajudicial information concerning his past criminal conduct. Dickson v. Sullivan, 849 F.2d 403, 407 (9th Cir.1988).[5] The state court determined, however, that Carrick did not receive the information. This finding is entitled to a presumption of correctness unless one of eight specified exceptions is present. 28 U.S.C. § 2254(d). Petitioner argues that the presumption of correctness does not apply because the state court's factfinding procedure was inadequate. 28 U.S.C. § 2254(d)(2). In the alternative, Petitioner argues that the presumption of correctness was rebutted by evidence adduced at the evidentiary hearing. We reject both contentions.
 
 A. Adequacy of Factfinding Procedure
 
 11
 In reaching the conclusion that the jury had not been tainted by extra-judicial information the state court examined one juror, Katherine Carrick, and relied on affidavits submitted by others. Petitioner posits that this was insufficient because "in cases in which juror misconduct has been alleged, courts are required to individually question each juror, allow cross-examination and determine whether outside influence infected the jury."
 
 
 12
 The rule Petitioner would have this Court adopt would directly contradict California law. California courts have explicitly "upheld the use of affidavits alone as a basis on which the trial court can assess alleged juror misconduct in a motion for a new trial and have declined to extend to the defendant any absolute right to subpoena jurors and thus compel their testimony." Garcia v. Superior Court, 156 Cal.App.3d 670, 681-82 (1984).
 
 
 13
 As Judge Levi noted, it would be paradoxical for the federal courts to overturn this rule when a similar rule prevails in the trial of federal cases. A federal district court "has considerable discretion in determining whether to hold an investigative hearing on allegations of jury misconduct or bias and in defining its nature and extent." United States v. Soulard, 730 F.2d 1292, 1305 (9th Cir.1984); see also United States v. Halbert, 712 F.2d 388, 389 (9th Cir.), cert. denied, 456 U.S. 1005 (1983) (district court's determination not to hold evidentiary hearing to investigate allegation that a juror improperly considered newspaper article upheld on abuse of discretion standard).
 
 
 14
 The question of whether Petitioner's jury received extrajudicial information turns entirely on whether one juror received such information. The court afforded to Petitioner the opportunity to interrogate this juror. In addition, it gave Petitioner ample opportunity to collect evidence in support of his contentions. It made its decision only after considering affidavits submitted in support of both sides. We hold that this constitutes an adequate factfinding procedure under § 2254(d)(2).
 
 B. Rebuttal of Presumption of Correctness
 
 15
 A habeas petitioner may rebut the presumption of correctness by presenting "convincing evidence that the factual determination by the State court was erroneous." 28 U.S.C. § 2254(d). Petitioner claims that even if the presumption of correctness applies, evidence adduced at the evidentiary hearing convincingly refuted the state court's findings.
 
 
 16
 We disagree. Testimony at the evidentiary hearing essentially repeated the facts before the state trial court.[6] As was the case before, evidence was presented which would have supported either the conclusion that Carrick had received the information alleged or that she had not. We therefore conclude that the state court's determination was not refuted by convincing evidence.[7]
 
 
 17
 II. Effect of Judge Garcia's Reconsideration of His Initial Order Granting the Petition
 
 
 18
 Petitioner next contends that whatever the merits of his petition, he became entitled to relief when, on April 1, 1991, Judge Garcia signed an order granting the writ. He claims that Judge Garcia exceeded his authority in setting aside this order.[8] In addition, Petitioner contends that Judge Levi was bound by the law of the case to follow Judge Garcia's initial determination that the petition should be granted.
 
 
 19
 A. Judge Garcia's Reconsideration of April 1 Order
 
 
 20
 Judge Garcia based his decision to reconsider his April 1 order on Fed.R.Civ.P. 60(b)(6). Petitioner contends that this rule does not provide a basis for Judge Garcia's action. We need not decide whether Judge Garcia had authority under Rule 60(b) to reconsider his April 1 judgment since we have concluded under a de novo review that denial of the petition in this case was proper.
 
 B. Law of the Case
 
 21
 Finally, Petitioner argues that Judge Levi's denial of his petition constituted an improper departure from the law of the case established by Judge Garcia. Our determination that the petition was properly denied disposes of this contention also.
 
 CONCLUSION
 
 22
 For the foregoing reasons, the decision of district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Carrick testified that she goes by the name Katherine. There was no other juror named Katherine on the panel
 
 
 [2]
 The trial court instructed Carrick not to discuss the matter with others on the jury and not to speculate as to the reasons for her questioning
 
 
 [3]
 These counts were subsequently dismissed. An additional count had been dismissed prior to deliberations
 
 
 [4]
 Counsel for Petitioner requested the recusal after learning that while a state court judge, Judge Garcia had presided over matters in which Petitioner was a defendant. Counsel alleged that Judge Garcia had demonstrated bias against Petitioner in those matters. In this appeal Petitioner does not allege that Judge Garcia's reconsideration of his order granting the petition was motivated by bias
 
 
 [5]
 Once it is determined that prejudicial extrajudicial information reached the jury the burden shifts to the state to prove, beyond a reasonable doubt, that the information had no effect on the verdict. Hughes v. Borg, 898 F.2d 695, 700 (9th Cir.1990). Here the state has made no such showing
 
 
 [6]
 In fact, alternate juror Chestang's testimony was, in at least one respect, inconsistent with his prior affidavit. Whereas before he had claimed that Carrick had approached him in the parking lot with information about Petitioner, Chestang now claimed that he had followed Carrick into the parking lot and overheard her converse about the subject with other jurors
 
 
 [7]
 Petitioner posits that Judge Levi was without authority to contradict the magistrate's finding of fact that juror Carrick had improperly received extrajudicial information about Petitioner's background. Petitioner cites United States v. Bergera, 512 F.2d 391 (9th Cir.1975) for the proposition that a district court may not reject a magistrate's findings of facts without first holding an evidentiary hearing on its own
 Bergera is inapplicable because Judge Levi's departure from the magistrate concerned an issue of law, not an issue of fact. Magistrate Judge Moulds found that Carrick had obtained the information concerning Petitioner by a preponderance of the evidence. As Judge Levi correctly concluded, this was legally insufficient to entitle Petitioner to habeas relief.
 
 
 [8]
 Petitioner also denies that the judgment had been set aside. He submits that Judge Garcia's May 6, 1991 order relieving Respondent from the operation of the judgment "was in essence granting the respondent an extension of time to comply with the judgment" while the court was evaluating its Motion for Reconsideration. We find this contention meritless. Taken together, the May 1 and May 6 orders plainly vacated the April 1 order in its entirety