56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Elizabeth MARROQUIN, Defendant-Appellant.
 No. 94-50392.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1995.*
Decided May 15, 1995.
 
 1
 Before: BEEZER and TROTT, Circuit Judges, and SHUBB, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Elizabeth Marroquin appeals her jury conviction of importation of marijuana, in violation of 21 U.S.C. Secs. 952, 960, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). She contends that the district court abused its discretion in admitting the rebuttal testimony of Marroquin's former sister-in-law, Judith Valenzuela, concerning Marroquin's boyfriends. The district court had jurisdiction under 18 U.S.C. Sec. 3231. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm the conviction.
 
 
 4
 * In December 1993, Marroquin drove an automobile from Tijuana, Mexico, into the United States. After a narcotics detector dog alerted to the car, marijuana was found in the truck. At trial, Marroquin testified that the car belonged to her boyfriend, Joe, whom she had known for a month. She stated that she came into the United States to buy Christmas wrapping paper and that she was supposed to meet Joe at the store. She testified that she was unaware that the car contained marijuana and that she had never discussed drugs with Joe.
 
 
 5
 Marroquin also testified that she lived with her mother in Tijuana but stayed with Joe at hotels. On cross-examination, Marroquin denied that a man named Luciano Alberto Copo-Vasquez was her boyfriend but admitted to having dated him in the past. Marroquin also admitted to dating a man named Victor after she and Copo-Vasquez broke up. Marroquin specifically denied that Copo-Vasquez was her boyfriend in November or December 1993.
 
 
 6
 In the rebuttal phase, the Government offered the testimony of Valenzuela. Valenzuela testified that Marroquin had lived with her from May through October 1993. Valenzuela also testified that, in November 1993, Marroquin told her that she was dating Copo-Vasquez. Valenzuela then stated that she believed Marroquin lived with Copo-Vasquez in December 1993, based on what other people had told her. The district court struck this statement concerning where Marroquin was residing in December as hearsay. Marroquin's counsel declined to cross-examine Valenzuela.
 
 
 7
 In surrebuttal, Marroquin testified that she was neither dating nor living with Copo-Vasquez in either November or December 1993.
 
 II
 
 8
 Marroquin contends that the district court abused its discretion in allowing Valenzuela's testimony on three grounds. First, the testimony was irrelevant under Federal Rule of Evidence 401. Second, the probative value of the testimony was substantially outweighed by its prejudice under Federal Rule of Evidence 403. Third, the testimony was improper impeachment evidence under Federal Rule of Evidence 608(b).
 
 
 9
 * We review evidentiary rulings of a district court for an abuse of discretion. United States v. Blaylock, 20, F.3d 1458, 1462 (9th Cir. 1994). However, Marroquin failed to object to the challenged testimony before the district court. She objected to the testimony only on the basis of hearsay and lack of foundation. She failed to object to the testimony on the grounds that she now asserts.
 
 
 10
 A party challenging the admission of evidence must timely object and state the specific ground for objection. Fed. R. Evid. 103(a) (1); United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.) (claim of a Rule 403 violation not preserved for appeal when defendant only objected to the evidence in the district court on grounds of hearsay and improper character evidence); cert. denied, 498 U.S. 947 (1990). Because Marroquin failed to raise these specific objections to Valenzuela's testimony in the district court, we review the admission of this testimony for plain error. Id. See also United States v. Olano, 113 S. Ct. 1770, 1776 (1993). A plain error "is a highly prejudicial error affecting substantial rights, and is found only in exceptional circumstances." United States v. Rivera, 43 F.3d 1291, 1295 (9th Cir. 1995).
 
 B
 
 11
 The admission of this testimony was not plain error. First, Marroquin states, without much explanation, that the admission of testimony concerning her former and present boyfriends was irrelevant to the trial. The testimony was relevant, at the very least, because it placed in question Marroquin's credibility. Marroquin testified that she was not dating Copo-Vasquez in November 1993. Valenzuela testified that Marroquin had told her that she was dating him during this time period. The testimony was relevant.
 
 
 12
 Second, the probative value of this testimony was not substantially outweighed by the unfair prejudice "that comes from sexual relationship evidence." (Blue Brief at 14.) The evidence casts doubt on Marroquin's credibility and also helped disprove her defense of lack of knowledge. Marroquin's defense was that she was an innocent mule and taken advantage of by the man she loved. Testimony that she was dating another man during this time draws into question her relationship with Joe at the time of the offense and, albeit tangentially, targets her knowledge of the presence of the marijuana. In any event, all the jury learned from the testimony was that Marroquin may have been dating another man around the time of the incident. Marroquin was given the opportunity to cross-examine this witness and testified that this information was false. This testimony certainly does not amount to plain error, such highly prejudicial error that may affect "the fairness, integrity or public reputation of judicial proceedings." Olano, 113 S. Ct. at 1779 (citation omitted).
 
 
 13
 Finally, Marroquin argues that Federal Rule Evidence 608(b) bars extrinsic evidence used to attack the credibility of a witness. She asserts that testimony concerning other boyfriends is extrinsic evidence of specific instances of conduct which is used for the purpose of attacking her credibility, and as such, is inadmissible.
 
 
 14
 Assuming Rule 608(b) is applicable to the testimony at issue, it does not bar its admissibility. Testimony that would be improper impeachment by extrinsic evidence is admissible if used for some other purpose. United States v. Sanchez-Robles, 927 F.2d 1070, 1078 (9th Cir. 1991) (Evidence otherwise inadmissible under 608(b) is admissible if it contradicts direct evidence presented in a defendant's defense.); see also United States v. Halbert, 712 F.2d 388, 390-91 (9th Cir. 1983), cert. denied, 465 U.S. 1005 (1984). Evidence of another boyfriend tends to contradict Marroquin's defense that she was taken advantage of because of her feelings for Joe. Again, even if the admission of this testimony was error, it was not plain error.
 
 III
 
 15
 The district court did not plainly err in admitting Valenzuela's testimony. Marroquin's conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3