**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Scott NORBY, Defendant—Appellant.**

No. 01–50526.

D.C. No. CR–00–00963–LDG.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2002.*

Decided Aug. 9, 2002.

Before NOONAN, WARDLAW and BERZON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Following his conviction of twenty-four counts of mail fraud, 18 U.S.C. § 1341, and aiding and abetting mail fraud, 18 U.S.C. § 2, Scott Norby moved for a new trial under Rule 33 and judgment of acquittal under Rule 29. Norby now appeals the denial of his Rule 29 motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Norby's sole contention on appeal is that the government failed to prove the materiality of his misrepresentations because it did not introduce the insurance policies governing payment of bills he presented. We disagree.

We review the denial of a Rule 29 motion de novo. *United–States v. Pacheco–Medina,* 212 F.3d 1162, 1163 (9th Cir. 2000). The test to be applied is the same as for a challenge to the sufficiency of the evidence. *United States v. Stoddard,* 150 F.3d 1140, 1144 (9th Cir.1998). If after viewing the evidence in the light most favorable to the government, any rational trier-of-fact could have found the essential elements of the crime beyond a reasonable doubt, the conviction must be affirmed. *Pacheco–Medina,* 212 F.3d at 1163.

Materiality is an essential element of the crime of mail fraud. *Neder v. United States,* 527 U.S. 1, 25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). As the trial judge properly instructed the jury, a false promise, statement or misrepresentation is material if "it is made to induce action or reliance by another," or the promises or statements "would reasonably influence a person to part with money or property." *United States v. LeVeque,* 283 F.3d 1098, 1103–04 (9th Cir.2002); 9th Cir.Crim. Jury

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Instr. § 8.101 (2000). The government need not prove actual reliance on the defendant's misrepresentation. *Neder,* 527 U.S. at 25; *United States v. Halbert,* 712 F.2d 388, 390 (9th Cir.1983) (citing *United States v. Halbert (Halbert I),* 640 F.2d 1000, 1009 (9th Cir.1981)).

The district court correctly ruled that the evidence adequately sustained the jury's conclusion that Norby's false statements could reasonably induce payment by insurance companies. *LeVeque,* 283 F.3d at 1103–4. Norby admitted that no patients were seen on an emergency basis and that the Tijuana hospital did not have emergency or intensive care facilities. However, each of the forms submitted for payment referenced Hospital Revenue Code 456, a standardized insurance billing code for urgent, emergency care. Norby's billing secretary testified that Norby was aware that many insurance companies in the United States will not pay for services in a foreign country unless rendered under emergency conditions. Norby admitted this knowledge with respect to at least one insurance policy. These claims were submitted for the sole purpose of obtaining reimbursement from the insurance companies.

In addition, Norby knowingly provided falsified medical records to support the false insurance claims. The records described medical emergencies while patients were on vacation, yet all of the patients prearranged their stay at the hospital in advance from the United States. Other records listed patient treatment, medication, and evaluations that were never administered, such as an evaluation by the Gynecology Department when the hospital did not offer gynecological services, and treatment by the Oncology Department at a time when no oncologist was on staff at the hospital. These falsified medical records submitted to substantiate false hospi-

tal revenue codes could reasonably induce an insurance company to believe the care listed had been administered although it was not. Whether the underlying policies would have entirely precluded payment for the care actually provided does not matter; what matters is that Norby lied about the care provided and sought payment for work not done. Therefore, a rational trier-of-fact could find, beyond a reasonable doubt, that the misrepresentations were material. *Id; Pacheco–Medina,* 212 F.3d at 1163.

**AFFIRMED.**