UNITED STATES of America,

v.

Theodore T. MILLER, Defendant.

No. CR.02–106–P–C.

United States District Court,
D. Maine.

June 13, 2003.

Bruce M. Merrill, Robert J. Ruffner, Vincent, Kantz & Ruffner, Portland, ME, for Defendant.

George T. Dilworth, Office of the U.S. Attorney, Portland, ME, for Plaintiff.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S APPEAL FROM COMPETENCY DETERMINATION BY THE MAGISTRATE JUDGE

GENE CARTER, Senior District Judge.

Defendant Theodore T. Miller appeals, pursuant to Rule 58(g) of the Federal Rules of Criminal Procedure, the Order of March 3, 2003, of the Magistrate Judge finding him incompetent to stand trial in the above-captioned matter. *See* Defendant's Appeal of Order on Defendant's Competency to Stand Trial ("Defendant's Appeal") (Docket Item No. 14) at 1. After a full review of the written submissions on the motion and of the transcript of the competency hearing of February 28, 2003, the Court will deny this appeal and affirm the order of the Magistrate Judge finding Defendant incompetent to stand trial.

Defendant's appeal centers on his objection to the admission of testimony from the Government's expert witness regarding statements made by Defendant in the course of a competency examination. Defendant bases his objection on the language of Federal Rule of Criminal Procedure 12.2(c)(4), which reads:

**Inadmissibility of a Defendant's Statements.** No statement made by a defendant in the course of any examination *conducted under this rule* (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant *in any criminal proceeding* except on an issue regarding mental condition on which the defendant:

(A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a)or (b)(1), or

(B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2).

(Emphasis added.) Defendant argues that his competency examination was conducted under this Rule and that, therefore, any statements made in the course of that examination may not be admitted into evidence at his later competency hearing, a criminal proceeding. The Court finds that use of Defendant's statements at the competency hearing is not use of the statements *against* him as envisioned by the Rule and, hence, that they were properly admitted at such hearing.[1]

1. Rule 12.2, entitled "Notice of an Insanity Defense; Mental Examination," governs the procedure to be followed when a defendant intends to introduce evidence of insanity at the time of his offense, or evidence of any mental disease, defect, or other mental condition of the defendant bearing on his guilt or the issue of punishment in a capital case. *See* Fed.R.Crim.P. 12.2(a)-(b). Under Rule 12.2, once notice has been given that a defendant intends to introduce evidence on the issue of insanity or mental defect, Rule 12.2(c)(1)(A) provides that "[t]he court may order the defendant to submit to a competency examination under 18 U.S.C. § 4241." Title 18 U.S.C. § 4241 establishes broad authority for judges for determining whether to hold a competency hearing and the procedure for resolving whether a defendant is competent to stand trial.

Under section 4241, a judge may *sua sponte,* or upon motion of the government or defense attorney, order a hearing to determine the competency of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The court may further order a psychiatric or psychological examination to be conducted prior to the hearing and a report based on the examination to be filed with the court. *See* 18 U.S.C. § 4241(b).

■ In this case, Defendant gave notice that he intended to raise the insanity defense at trial. *See* Defendant's Notice of Insanity Defense (Docket Item No. 5). The Government moved for a competency hearing the day after Defendant gave this notice. *See* Motion for Competency Hearing, Mental Examination, and Exclusion from the Speedy Trial Act ("Motion for Competency Hearing") (Docket Item No. 6).[2] The Government quotes the advisory committee notes to Rule 12.2, which state that "[t]his rule does not deal with the issue of mental competency to stand trial," in support of its contention that the issue of competency in this case has nothing to do with the insanity defense and, therefore, does not implicate Rule 12. *See* Government's Brief. Further support, the Government points out, is found in the advisory committee notes to the 2002 amendment to Rule 12.2(c)(1), which provide that the rule "is not intended to affect any statutory or inherent authority a court may have to order other mental examinations." Fed.R.Crim.P. 12.2 advisory committee's notes.[3] That is, according to the

Government, when the sole issue is one of competency to stand trial and not that of sanity or mental defect at the time of the offense, only the court's inherent authority under section 4241(b) is at issue, and Rule 12.2 is not implicated.

The Court finds that the mental examination in this case was conducted pursuant to Rule 12.2(c). As the Rule provides, the Government explicitly moved under the Rule for a mental examination of Defendant the day after he gave notice of his intent to use the insanity defense. *See* Motion for Competency Hearing at 1 ("Pursuant to 18 U.S.C. §§ 4241(b), 4242(a), 4247(b) and (c), *and Federal Rule of Criminal Procedure 12.2(c)*, the Government seeks an order directing the Defendant to submit to a mental examination....") (emphasis added). The Magistrate Judge then ordered the mental examination "[i]n accordance with 18 U.S.C. §§ 4241(b) and 4242(a)." *See* Order (Docket Item No. 7) at 1. The fact that the Magistrate Judge did not specifically mention Rule 12.2 in the order is of no moment.[4] Section 4242 and Rule 12.2

**2.** However, Defendant subsequently has changed lawyers, and he now asserts that he will *not* raise the insanity defense at trial, and that he was not only sane at the time of his offense, but is now competent to stand trial on this matter. *See* Defendant's Appeal at 2 n. 2. The Government argues that because Defendant no longer asserts the insanity defense, his competency examination and hearing now fall outside the rubric of Rule 12.2. *See* Government's Brief Relating to Competency Determination ("Government's Brief") (Docket Item No. 18) at 5.

**3.** According to the advisory committee notes, the 2002 amendment to Rule 12.2 intended only five substantive changes: (1) a court may order a mental examination for a defendant who has indicated an intention to raise a defense of mental condition bearing on the issue of guilt; (2) the defendant is required to give notice of an intent to present expert evidence of the defendant's mental condition during a capital sentencing proceeding; (3)

the amendment addresses the ability of the trial court to order a mental examination for a defendant who has given notice of an intent to present evidence of mental condition during capital sentencing proceedings and when the results of that examination may be disclosed; (4) the amendment addresses the timing of disclosure of the results and reports of the defendant's expert examination; (5) the amendment extends the sanctions for failure to comply with the rule's requirements to the punishment phase of a capital case. *See* Fed. R.Crim.P. 12.2 advisory committee's notes.

**4.** The Magistrate Judge's wording might tempt one to find that the examination was *not* ordered pursuant to Rule 12, but only pursuant to the Court's authority under section 4241; in which case, the bar to the use of Defendant's statements and to the results of the examination would not be in place. However, because the Government explicitly moved for the competency examination and

directly implicate and reference one another and, by their terms, trigger the application of the other in the circumstances that existed at the time of the order. Rule 12.2(c)(1)(B) specifically directs that when a defendant provides notice that he intends to use the insanity defense, the court must order a mental examination of that defendant upon the government's motion and under section 4242; likewise, section 4242(a) provides that when a defendant provides notice under Rule 12.2 that he intends to rely on the insanity defense, the court shall order a psychiatric examination of the defendant upon the motion of the government. This is precisely what happened in this instance. The fact that he later claims to have withdrawn his intent to rely on the insanity defense does not change the fact that the examination itself was conducted under this Rule.

■ Nevertheless, although the Court finds that the examination was conducted under Rule 12.2, statements that Defendant made during his psychiatric evaluation, as well as the forensic expert's testimony, could still properly be admitted *at a competency hearing*. The purpose of Rule 12.2's provision limiting the use of such statements is to protect a defendant's Fifth Amendment right against self-incrimination. *See United States v. Leonard*, 609 F.2d 1163, 1165 (5th Cir.1980). The Supreme Court's decision in *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), strengthened this protection, and Rule 12.2 was amended in 1985 in order to "more accurately reflect the Fifth Amendment considerations at play in this context," as pointed out by the Supreme Court in *Estelle*. Fed.R.Crim.P.

12.2 advisory committee's notes. Before *Estelle*, the last line of former Rule 12.2(c) read "no statement made by the defendant during a psychiatric examination provided for by the rule shall be admitted against him *on the issue of guilt* in any criminal proceeding." Fed.R.Crim.P. 12.2(c) advisory committee's notes (emphasis added). In *Estelle*, the Supreme Court found that a defendant's statements made in the course of a psychiatric competency examination not only could not be used against him at trial, but they also could not be used against him at sentencing. There, Defendant had not been given his *Miranda* warnings before he was questioned by the psychiatrist, and the Court noted that it could

> discern no basis to distinguish between the guilt and penalty phases of respondent's capital murder trial so far as the protection of the Fifth Amendment privilege is concerned. Given the gravity of the decision to be made at the penalty phase, the State is not relieved of the obligation to observe fundamental constitutional guarantees.

*Id.* at 462–63, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (citations omitted). After *Estelle*, the words "on the issue of guilt" were removed from the rule, as the Advisory Committee noted the holding of *Estelle* to the effect that self-incrimination protections are not necessarily limited to the guilt phase of a trial. *See id.*

In keeping with the goal of protecting a defendant's Fifth Amendment rights, Rule 12.2(c)(4) now ordains that any statements made in any psychiatric or psychological examinations, be they examinations to determine competency, insanity, or some other mental defect, may not be used in any

hearing under Rule 12, and because of this Rule's close relationship to section 4242 and the fact that the Magistrate Judge does cite to this statutory provision, the Court is compelled to find that Defendant's psychiatric examination was ordered and conducted under Rule 12.

later criminal proceeding. That is, because a defendant may make incriminating statements in the course of these examinations, these statements may not be later used against him. *See Estelle,* 451 U.S. at 467–68, 101 S.Ct. 1866. It should be noted here that the plain language of the rule holds that the future use by the prosecution of such statements is precluded insofar as it seeks to use these statements *against* the defendant. *See* Rule 12.2(c)(4). As the Supreme Court in *Estelle* clearly points out, however, using a defendant's statements from a psychiatric evaluation "for the limited, neutral purpose of determining his competency to stand trial," is quite different from using such statements "for a much broader objective that [is] plainly adverse to the defendant." *Estelle,* 451 U.S. at 462–63, 101 S.Ct. 1866. In fact, the *Estelle* court noted that if the doctor's findings were limited to the goals of a standard competency hearing, those of ensuring that the defendant understood the charges against him and was capable of assisting in his defense, "no Fifth Amendment issue would have arisen." *Id.*

Here, the use of Defendant's statements from his psychiatric examination were used solely for the limited, neutral purpose of ensuring that he is competent to stand trial and, as such, do not fall within the prohibitions of Rule 12.2(c)(4). They cannot be used against him at trial or at sentencing, even if, and especially if, he asserts the insanity defense.[5] Otherwise, they most certainly can be used to assist the trial judge in making a competency determination.

■ It is a given that a criminal defendant may not be tried unless he is competent. *See Godinez v. Moran,* 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). The trial of an incompetent defendant violates due process. *Medina v. California,* 505 U.S. 437, 453, 112 S.Ct. 2572, 2581, 120 L.Ed.2d 353 (1992). It is for these reasons that a defendant's statements can be properly used for the limited neutral purpose to ensure his competency. To do otherwise risks a constitutional violation, and Defendant's interpretation of the rule invites this. His application of the rule would mean that although the Court could order a competency examination, it could not hear the results of that examination. Such a reading renders the act of ordering the examination a fully futile enterprise and renders the examination itself devoid of any practical meaning. If a court could not consider such testimony and have the necessary information to make a sound and properly informed competency determination, it risks violating the due process rights of a possibly incompetent defendant by putting him to trial. *See Bishop v. United States,* 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956); *Pate v. Robinson,* 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 (1966) (conviction of an incompetent defendant is unconstitutional).

■ In accordance with Supreme Court precedent, this Court has a duty to interpret the rule in a manner that does not risk its constitutional infirmity. Not only does the Constitution preclude the conviction of an incompetent, it also requires an adequate hearing on his competence to stand trial. 1A Charles Alan Wright, FEDERAL PRACTICE AND PROCEDURE § 196 (3d ed.1999); *Pate,* 383 U.S. at 385–86, 86

---

**5.** That is, unless Defendant himself introduces evidence of incompetency, insanity, or mental defect. Then, according to Rule 12.2(c)(4)(A), the Government can rebut such evidence with Defendant's statements from his psychiatric examination, or with any fruits of such statements. The Court expresses no view on the constitutional legitimacy of such use even under the amended rule.

S.Ct. at 842; *Nicks v. United States,* 955 F.2d 161, 167 (2d Cir.1992). If a defendant's statements from his competency examination cannot be heard at his competency hearing, the risk of an inadequate competency hearing is palpable. "[I]f an otherwise acceptable construction of a statute would raise serious constitutional problems, and where an alternative interpretation of the statute is 'fairly possible,' we are obligated to construe the statute to avoid such problems." *I.N.S. v. St. Cyr,* 533 U.S. 289, 299–300, 121 S.Ct. 2271, 2279, 150 L.Ed.2d 347 (2001) (*citing Crowell v. Benson,* 285 U.S. 22, 62, 52 S.Ct. 285, 76 L.Ed. 598 (1932); *Ashwander v. TVA,* 297 U.S. 288, 341, 345–348, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring); *United States ex rel. Attorney General v. Delaware & Hudson Co.,* 213 U.S. 366, 408, 29 S.Ct. 527, 53 L.Ed. 836 (1909)).

In any event, it appears that Defendant's argument does not become relevant unless he asserts the insanity defense, because it is only then that the Government would have reason to try to use his statements *against* him. *See United States v. Stockwell,* 743 F.2d 123, 125–26 (2d Cir. 1984) (citing *United States v. Halbert,* 712 F.2d 388, 389–90 (9th Cir.1983), *cert. denied,* 465 U.S. 1005, 104 S.Ct. 997, 79 L.Ed.2d 230 (1984); *United States v. Madrid,* 673 F.2d 1114, 1119–21 (10th Cir.), *cert. denied,* 459 U.S. 843, 103 S.Ct. 96, 74 L.Ed.2d 88 (1982); *United States v. Leonard,* 609 F.2d 1163, 1165–66 (5th Cir.1980)). ("Rule 12.2(c) protects the defendant's Fifth Amendment right against self-incrimination to the extent compatible with the government's right to respond to an insanity defense, by limiting the use of statements obtained in the examination solely to the issue of insanity."). Here, the Magistrate Judge properly made use of these statements only for the limited purpose of determining Defendant's competency.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Defendant's Appeal of Order on Defendant's Competency to Stand Trial be, and it is hereby, **DENIED**.